```
                  United States District Court
                    District of Massachusetts
```

|  |  |
|---|---|
| Sanjeev Lath, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Civil Action No. |
| ) | 22-11158-NMG |
| Lloyd J. Austin III, ) |  |
| Secretary of Defense, ) |  |
| ) |  |
| Defendant. ) |  |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from claims of employment discrimination brought by pro se plaintiff Sanjeev Lath ("Lath" or "plaintiff") against Secretary of Defense Lloyd J. Austin ("Secretary Austin" or "defendant") in connection with the termination of his employment in 2017 by the Defense Contract Management Agency ("the Agency"). Pending before the Court is defendant's motion to dismiss, or in the alternative, for summary judgment. For the following reasons, the motion to dismiss will be allowed, in part, and denied, in part.

## I. Background

### A. Factual Background

Plaintiff Lath, a resident of New Hampshire, began working as a Quality Assurance Engineer with the Agency, which is within the Department of Defense, in November, 2015. Lath was assigned to work at the Raytheon facility in Andover, Massachusetts.

Plaintiff applied for the position through a program which provided priority placement for individuals with disabilities. During the application process, Lath identified himself as having human immunodeficiency virus/acquired immunodeficiency syndrome ("HIV/AIDS"), depression, anxiety and a pituitary macroadenoma, which is a brain tumor. Lath also disclosed to his supervisor, David Shoenig ("Shoenig"), that he had a brain tumor and suffered from depression, anxiety and HIV/AIDS.

On February 14, 2017, Lath requested "extra time to complete his assignments and telework opportunities" as a reasonable accommodation due to his "constant headaches" caused by his brain tumor. Plaintiff contends that Shoenig and his supervisor, Christina Gallagher ("Gallagher") denied his request that same day. The following day, Shoenig placed Lath on paid administrative leave for one week. On February 17, 2017, it was determined that Lath was "ineligible for continued access to classified information."

When Lath attempted to return to work on February 22, 2017, he was prohibited from entering the workplace and placed on involuntary administrative leave for an indefinite period. That same day, the Agency sent plaintiff a Request for Medical Information Memorandum seeking medical information from his treating physician and psychologist/psychiatrist indicating that Lath was

> stable, compliant with any medical treatment [and] capable of performing the essential functions of [his] job as a Quality Assurance Engineer.

The memorandum indicated that plaintiff's return to duty was contingent on the provision of that medical information.

The following month, Lath sent Shoenig medical paperwork from his recent hospital stay at Elliot Hospital in New Hampshire. The paperwork concerned his prior diagnosis of substance use disorder. Shoenig responded that there was "no need" to send him medical records but Lath suggests that his medical information was then disclosed to multiple individuals, including Gallagher.

In May, 2017, the Agency issued a memorandum proposing to remove Lath from his position as a Quality Assurance Engineer. That memorandum informed Lath that he had

> the right and [was] encouraged to respond to this letter orally and/or in writing to Ms. Christina

> Gallagher, Quality Director DCMA Raytheon Tewksbury, stating why this proposed action should not be taken.

Lath then requested a face-to-face conversation with Gallagher, who offered to discuss the matter by telephone instead. On July 14, 2017, Lath's position with the agency was terminated.

### B.   Procedural History

In July, 2022, Lath filed an eleven-count complaint in this Court against defendant Secretary of Defense Austin. Defendant moved to dismiss in October, 2022 and several days later, Lath filed an amended complaint.

The amended complaint contains 15 counts, including claims under the Americans with Disabilities Act ("ADA") and M.G.L. ch. 151B. Because the ADA does not apply to federal employees, see Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 12 n.1 (1st Cir. 2004), a fair reading of the pro se amended complaint discerns claims under the Rehabilitation Act for retaliation, disability discrimination, failure to accommodate and unlawful interference. The same standards apply to claims under the ADA and the Rehabilitation Act. Id. The amended complaint also alleges violations of the Privacy Act, a hostile work environment, breach of the union's collective bargaining agreement and violation of due process.

In January, 2023, defendant filed the pending motion to dismiss, or in the alternative, for summary judgment. In response, plaintiff moved to defer any ruling on the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). In March, 2023, plaintiff moved to estop defendant judicially from dismissing plaintiff's employment retaliation claims for lack of subject matter jurisdiction.

Both of plaintiff's motions were denied in May, 2023 and the Court ruled that the pending motion will be treated as one to dismiss.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556). Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13. The assessment is holistic:

> the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

**B.   Application**

As stated in this Court's May 23, 2023 Order, the Court will treat the pending motion as one to dismiss.

**1.   Rehabilitation Act Claims**

As discussed above, plaintiff Lath brings claims of disability discrimination under the ADA. The ADA, however, does not apply to federal employees and thus the Court construes pro se plaintiff's discrimination claims to have been brought under

the Rehabilitation Act, 29 U.S.C. § 701 et seq. See Calero-Cerezo, 355 F.3d at 12 n.1. The Rehabilitation Act, like the ADA, prohibits discrimination against an otherwise qualified individual on the basis of disability. Arce v. Potter, 818 F. Supp. 2d 402, 407 (D.P.R. 2011). The same legal standards apply to ADA and Retaliation Act claims. Calero-Cerezo, 355 F.3d at 12 n.1.

### a. Retaliation (Counts 1 and 11)

Lath brings retaliation claims in Counts 1 and 11. In Count 1, he alleges that the Agency retaliated against him for requesting a reasonable accommodation by placing him on administrative leave on February 15, 2017. In Count 11, plaintiff argues that he was terminated in retaliation for requesting a reasonable accommodation and filing an Equal Employment Opportunity complaint.

Defendant moves to dismiss both counts, citing Dep't of Navy v. Egan, 484 U.S. 518 (1988) in support of its contention that the district court is precluded from considering these claims because the Court does not have the authority to review the Agency's suspension of Lath's access to classified information.

Plaintiff retorts that the Agency's decision to place him on administrative leave was not a security clearance decision

but rather in direct response to Lath's request for accommodation on February 14, 2017. Lath was not found to be "ineligible for continued access to classified information" until February 17, 2017. He thus contends that his claim in Count 1 is distinct from his ability to maintain a security clearance.

Moreover, with respect to Count 11, the "Notice of Proposed Removal" sent to Lath on May 5, 2017 states that his termination was "due to [his] medical inability to perform [his] job" and emphasized that Lath had notified his supervisor of his "constant headaches."

At the motion to dismiss stage, the Court accepts plaintiff's factual allegations as true and draws all reasonable inferences in plaintiff's favor. Ocasio-Hernandez, 640 F.3d at 12. Because plaintiff alleges that both his involuntary administrative leave and his termination were a result of his request for a reasonable accommodation, rather than his inability to maintain a security clearance, Counts 1 and 11 state a claim for which relief can be granted.

      **b.    Disability Discrimination and Failure to Accommodate (Counts 2-5, 8-10 and 14)**

In general, Counts 2-5, 8-10 and 14 allege disability discrimination and failure to provide reasonable accommodation. Defendant seeks to dismiss those counts because plaintiff needed

to maintain a security clearance to remain qualified for his position.

The ADA and the Rehabilitation Act prohibit employers from discriminating against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a); Calero-Cerezo, 355 F.3d at 19. To be considered "qualified" under the Rehabilitation Act,

> plaintiff must show first that [he] possesses the requisite skill, experience, education and other job-related requirements for the position and, second, that [he] is able to perform the essential functions of the position with or without a reasonable accommodation.

Calero-Cerezo, 355 F.3d at 23; see also Phelps v. Optima Health, Inc., 251 F.3d 21, 25 (1st Cir. 2001).

Lath admits in his amended complaint that access to classified information was "required" for his position.  Thus, once Lath's access was suspended on February 17, 2017, he was no longer qualified for the Quality Assurance Engineer position that he held. See Flaherty v. Entergy Nuclear Operations, Inc., 946 F.3d 41, 56 (1st Cir. 2019).

Without access to classified information, Lath was unable to "perform the essential functions of his position," and therefore he is not a qualified individual within the meaning of the Rehabilitation Act.  Plaintiff's discrimination and failure

to accommodate claims in Counts 2-5, 9-10 and 14 will be dismissed. Lath withdrew Count 8 in his opposition brief.

### c.   Unlawful Interference (Count 7)

In Count 7, plaintiff alleges that the Agency unlawfully interfered with his right to seek reasonable accommodation in violation of 42 U.S.C. § 12203(b).

To prove a violation of § 12203(b),

> a plaintiff must show that when the interference, coercion, or intimidation took place they were exercising or enjoying a right protected by the ADA.

Tassinari v. Salvation Army Nat'l Corp., 610 F. Supp. 3d 343, 361, n. 11 (D. Mass. 2022).

On February 14, 2017, three days before Lath's access to classified information was suspended, he requested extra time to finish his course due to his headaches from his brain tumor. He stresses that his request was for a reasonable accommodation which is a right protected by the ADA. Lath's amended complaint, construed liberally, alleges that the Agency 1) interfered with his request for reasonable accommodation by "deliberately" delaying the processing of his request and 2) engaged in coercion by conditioning his return to work upon the provision of supporting medical documentation.

Accepting plaintiff's factual allegations as true and drawing all reasonable inferences in his favor at this motion to dismiss stage, see Ocasio-Hernandez, 640 F.3d at 12, Count 7 will not be dismissed.

### 2. Privacy Act Claim (Count 6)

Plaintiff brings a claim under the Privacy Act, 5 U.S.C. § 552a et seq. in Count 6.  Lath alleges that Shoenig disseminated his private medical information without written authorization in violation of the Privacy Act.  Defendant moves to dismiss, citing the Privacy Act's two-year statute of limitations.

The Privacy Act provides that

> an action to enforce any liability created [under the Act may be brought in district court] within two years from the date on which the cause of action arises.

5 U.S.C. § 552a(g)(5).  As alleged in Lath's amended complaint, the Agency informed Lath in May, 2017 that it had forwarded his medical information to a Federal Occupational Health ("FOH") physician.  Plaintiff filed his amended complaint alleging the Privacy Act violation in October, 2022, over five years later. Thus, Count 6 will be dismissed as time-barred.

### 3.  Hostile Work Environment Claim (Count 12)

In Count 12, Lath brings a claim alleging hostile work environment.  The Agency moves to dismiss, citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) in support of its contention that Lath's allegations are merely "ordinary tribulations of the workplace."

Lath's amended complaint does in fact contain a litany of allegations, mostly against Shoenig, but they fail to rise to the level of a hostile work environment.  The First Circuit defines a hostile work environment as one

> permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

Kosereis v. Rhode Island, 331 F.3d 207, 216 (1st Cir. 2003).

Lath alleges that the Agency and Shoenig were unresponsive to his questions, required him to comply with unwanted orders, inappropriately disciplined him and improperly disclosed his medical information.  While certainly unpleasant, "a hostile work environment is something more than a work environment where harassment or discomfort occurs." Callbeck v. Fallon Cmty. Health Plan, Inc., 480 F. Supp. 3d 308, 315 (D. Mass. 2020) (dismissing plaintiff's hostile work environment claim despite

pleading that defendant disclosed her confidential health and personal information).

Because Lath has not pled the requisite severity to establish a hostile work environment, Count 12 will be dismissed.

Finally, in his opposition to defendant's motion to dismiss, Lath withdrew his claims for violations of the collective bargaining agreement (Count 13) and due process (Count 15) and thus the Court need not address them.

### ORDER

For the foregoing reasons, defendant's motion to dismiss, or in the alternative, for summary judgment (Docket No. 32) is:

1)   as to Counts 1, 7, 11, **DENIED**, but

2)   as to Counts 2-6, 9-10, 12 and 14, **ALLOWED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated:  August 7, 2023