UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANJEEV LATH,<br><br>    *Plaintiff,*<br><br>v.<br><br>PETER B. HEGSETH,<br>Secretary of Defense,<br><br>    *Defendant.* | No. 22-cv-11158-PGL |

## SUPPLEMENT UNDER RULE 60 TO PREVIOUS ORDER GRANTING SUMMARY JUDGMENT

LEVENSON, U.S.M.J.

    The Court's order granting Defendant's motion for summary judgment (Docket No. 178) omitted discussion of Count 7 of Lath's Complaint, which alleges unlawful interference with Lath's exercise of his right to seek reasonable accommodation. *See* Docket No. 15, ¶¶ 209–219. That claim thus remains pending. To correct that inadvertent omission, pursuant to Federal Rule of Civil Procedure 60 I now address that remaining claim and dismiss it as well. *See* Fed. R. Civ. P. 60(a).

    Lath's Count 7 raises claims under 42 U.S.C. § 12203(b) and M.G.L. ch. 151B § 4(4A). I previously dismissed all of Lath's claims raised under state law. *See* Docket No. 165, at 16–18, 37. I now dismiss the portion of Count 7 raised under federal law.

    To prove a claim of unlawful interference, a "plaintiff must show that the interference must have been motivated by a discriminatory animus." *Vazquez v. Mun. of Juncos*, 756 F. Supp. 2d 154, 165 (D.P.R. 2010). As discussed at length in the Court's previous order, Lath has not pointed to any evidence upon which a reasonable factfinder could find that DCMA officials

harbored any discriminatory intent towards him based on his claimed disability or his accommodation request. His federal claim under Count 7 thus fails for the reasons discussed in the Court's previous order, as well as for the reasons stated in Defendant's memorandum in support of Defendant's motion for summary judgment. *See* Docket No. 147, at 32–35.

## CONCLUSION

For the forgoing reasons, Defendant's motion for summary judgment upon the remaining count (Counts 7) is ALLOWED and this matter is DISMISSED. (Judgment to issue.)

Dated: July 15, 2025

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE